UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 21-CR-577 (CJN) |
| v. | : |
| MARC BAIER, | : |
| RYAN ADAMS, and | : |
| DANIEL GERICKE | : |
| Defendants. | : |

### UNOPPOSED MOTION TO DISMISS CRIMINAL INFORMATION

Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the District of Columbia (hereinafter the "United States" or the "government") hereby moves to dismiss with prejudice the Criminal Information filed in the above captioned matter charging the Defendants, Marc Baier, Ryan Adams and Daniel Gericke (hereinafter the "Defendants"), with conspiracy to violate 18 U.S.C. §§ 371, 1030, 1029, 22 U.S.C. 2778 and regulations promulgated thereunder.

### Procedural Background

On September 14, 2021, the Defendants and the government reached a resolution of a criminal investigation into the Defendants' activity related to their employment with a cyber-hacking entity in the United Arab Emirates. To that end, on September 14, 2021, the government filed an Information, a Deferred Prosecution Agreement ("DPA") with accompanying Statement of Offense, and a Joint Consent Motion for Exclusion of Time Under the Speedy Trial Act. The DPA had three-year term associated with the agreement. On September 16, 2021, this Court

granted the Consent Motion to Toll the Speedy Trial Act until March 25, 2025, to allow for time for the parties to comply with the terms of the agreement.

## Summary of Deferred Prosecution Agreement

The parties agreed to a three-year DPA, and that the DPA would commence upon filing of the Criminal Information against the Defendants, that is September 14, 2021. Consequently, the three-year period of deferred prosecution ended on September 14, 2024. The Defendants agreed to a number of obligations under the DPA, including, to: (i) admit, accept, and acknowledge responsibility for their actions as detailed in the Statement of Facts attached to the Agreement; (ii) cooperate with the United States; (iii) accept the employment restrictions in the Agreement; and (iv) pay the monetary penalty referred to in Paragraphs 19 through 22 of the Agreement. Pursuant to the DPA, if Defendants fully complied with all of the terms and obligations under the DPA, the United States would seek dismissal with prejudice of the Criminal Information within 30 days of the end of the three-year term.

## The Defendants Have Satisfied All of the Terms Under the DPA

With respect to the obligations imposed on the Defendants under the DPA, based on the information known the United States at this time, the Defendants have fulfilled all of the conditions imposed on them by the DPA. Since entry of the DPA, the defendants have continually cooperated with the government, paid in full their amounts owed under the DPA, and abided by the other restrictions and promises the agreement throughout the period of deferred prosecution.

## Conclusion

Given that the government determined that the Defendants have complied with the DPA and not otherwise violated the DPA, and in light of the instant motion being unopposed, the

United States therefore submits that dismissal with prejudice of the Information is appropriate under the circumstances. See, e.g., Rinaldi v. United States, 434 U.S. 22, 29-30 (1977) ( "[t]he salient issue … is not whether the decision to maintain the federal prosecution was made in good faith but rather whether the Government's later efforts to terminate the prosecution[, by way of filing a Rule 48(a) motion,] were … tainted with impropriety"); United States v. Fokker Services B.V., 818 F.3d 733, 742-43 (D.C. Cir. 2016) (discussing the court's authority when evaluating Rule 48(a) motions and stating that "the leave of court authority gives no power to a district court to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority"); United States v. Henderson, 951 F.Supp.2d 228, 232 (D.Mass. 2013) (granting the government's Rule 48(a) motion to dismiss with prejudice and recognizing that "in the larger scheme of criminal justice proceedings, it is for the government to make the decision whether further pursuing prosecution [] is a fair, reasonable, and proportionate exercise of prosecutorial discretion") (internal quotations and citations omitted).

WHEREFORE, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States respectfully requests this Court grant the Government's Unopposed Motion to Dismiss With Prejudice the Criminal Information in the above-captioned matter. A proposed Order is attached.

Respectfully submitted,

**MATTHEW M. GRAVES**
**U.S. ATTORNEY**
**D.C. BAR NO. 481052**

By:       /S/
TEJPAL CHAWLA
D.C. Bar Number 464012
Assistant United States Attorney
National Security Section
601 D Street NW, 5th Floor
Washington, D.C. 20530
202-252-7280 (Chawla)
Tejpal.Chawla@usdoj.gov